UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVA-GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 22-CV-1478-MMA-WVG<br><br>**ORDER RESETTING MANDATORY SETTLEMENT CONFERENCE; CONVERTING TO ZOOM VIDEOCONFERENCE** |

On March 14, 2023, this matter was reassigned to United States Magistrate Judge William V. Gallo. (ECF No. 19.) Pursuant to the Order of Transfer, all conferences or hearing dates previously set were to remain as scheduled before Judge Gallo. *Id.* Due to a conflict in availability, the Court **RESETS** the start time of **July 25, 2023 Mandatory Settlement Conference** from 9:00 a.m. to **2:00 p.m.** No other dates or deadlines as set forth in the operative January 10, 2023 Scheduling Order Regulating Discovery and Other Pretrial Proceedings (ECF No. 17) and January 12, 2023 Amended Scheduling Order (ECF No. 18) will be disturbed.

Additionally, the Court **CONVERTS** the July 25, 2023 Mandatory Settlement Conference ("MSC") from in-person appearances to remote appearances. The MSC will

1

be held via Zoom videoconference as set forth in Appendix A of this Order.

Counsel or any party representing himself or herself shall submit confidential settlement briefs **directly to chambers**, via electronic mail addressed to efile_Gallo@casd.uscourts.gov, no later than **July 14, 2023**.

Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Rule 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above. Retained outside corporate counsel <u>shall</u> <u>not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate.

Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Settlement Conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.

**IT IS SO ORDERED.**

DATED: April 6, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge

**Appendix A – Zoom Videoconference Procedures**

1.      The Court will use its official Zoom video conferencing account to hold the MSC. The Zoom software is available for download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[3] There is a cost-free option for creating a Zoom account.

2.      Prior to the start of the MSC, the Court will e-mail counsel the meeting login information required to join the Zoom video conference. Participants can join the video conference by following the ZoomGov Meeting hyperlink provided to counsel *or* by entering the meeting ID and password. Again, if possible, participants are encouraged to use laptops or desktop computers with a camera for the video conference, as mobile devices often offer inferior performance. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

3.      Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the MSC to ensure that the MSC begins promptly at 2:00 p.m.

4.      Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with

---

[2]      If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[3]      For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

22-CV-1478-MMA-WVG

all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls "Breakout Rooms."[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.    **No later than 12:00 p.m. on July 14, 2023,** counsel for each party shall send an e-mail to the Court at efile_Gallo@casd.uscourts.gov containing the following:

a.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

b.    An **e-mail address for each participant**. This email address should be the same address the participant has used to create his or her Zoom account; and

c.    A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

/ / /

---

[4]    For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646. In short, the Court will manually place each participant in their respective Breakout Room. When the Court does this, on the participants device, the participant will see a notification regarding joining the Breakout Room. The participant should select the option to join the room. If the Court then wishes to close the Breakout Rooms and converse with all parties and counsel, the participant should choose the option that will appear on his or her device to leave the Breakout Room—this will send the participant to the group room; it will not expel the participant from the conference.

6.      All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Participants should also participate in the conference in a location that allows for privacy and which does not contain background noise such as dogs barking, children, or other noise that will disrupt the conference.

22-CV-1478-MMA-WVG